IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY L. BIERLEY,              )<br>                                )<br>       Plaintiff,              )<br>   v.                           )<br>                                )<br>CHIEF COUNTY DETECTIVE LARRY    )<br>DOMBROWSKI, DEPUTY SHERIFF      )<br>MICHAEL GROLOMUND, PAROLE       )<br>OFFICER ERIK CHRISTENSEN,       )<br>LT. SHERIFF STEPHEN BRANDON,    )<br>SHERIFF ROBERT MERSKI,          )<br>JUDGE ERNEST J. DISANTIS, A.D.A.)<br>and FORMER P.D. CHRISTINE       )<br>KONZEL, A.D.A. LISA STEIN. A.D.A.)<br>DOUGLAS MCCORMICK, PAROLE       )<br>OFFICER JAMES BOYD, PAROLE      )<br>OFFICER DANTE BATTLES,          )<br>PAROLE SUPERVISOR RAYMOND       )<br>READE, COLLECTIONS OFF.         )<br>PHILLIP LEGLER, COLLECTIONS     )<br>OFF. PAUL R. KETCHUM,           )<br>D.A. BRADLEY FOULK, COUNTY      )<br>EXECUTIVE MARK DIVECCHIO,       )<br>ASSISTANT P.D. ANDREW H.        )<br>WEINRAUB, ASSISTANT P.D. ALAN   )<br>J. NATALIE, and WARDEN JAMES    )<br>VESCHECCO,                      )<br>                                )<br>       Defendants.              )   | C.A. No. 06-272 Erie |

### Opinion & Order

Plaintiff Harry L. Bierley appearing *pro se*, commenced this civil rights action alleging, generally, that the Defendants were engaged in a conspiracy to violate his civil rights and his

Constitutional rights to due process of law, equal rights under the law, equal protection of the law, equality, fairness, justice, and fair and viable court access under the 1st, 4th, 5th, 6th, 7th, and 14th Amendments to the United States Constitution. The Defendants have filed motions to dismiss to which Mr. Bierley has responded. For the reasons stated below, we will dismiss this action.

Mr. Bierley sues all Defendants in both their personal and official capacities. He alleges that the Defendants have violated his rights as a result of his illegal imprisonment for 51 days on his conviction and sentence at Docket No. 1133-2003 in the Erie County Court of Common Pleas. Mr. Bierley also alleges that Defendants have violated his rights with regard to conduct related to his removal from the Erie County Courthouse based on a judicial secret memorandum forbidding Mr. Bierley from entering the Courthouse without permission from his parole officer.

Defendants Grolumund, Brandon, Merski, and Veshecco have filed a motion to dismiss the Complaint (Doc. 21) on the basis of res judicata, collateral estoppel, the *Rooker-Feldman* doctrine, failure to establish membership in a protected class, qualified immunity, lack of a duty to inquire into the legality of a sentence by the Warden, and state law immunity under the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541.

Defendants Dombrowski, Christensen, Konzel, Stein, McCormick, Boyd, Battles, Reade, Legler, Ketchum, Foulk, DiVecchio, Weinraub, and Natalie have filed a motion to dismiss the Complaint (Doc. 37) on the basis of res judicata, collateral estoppel and/or issue preclusion, the *Rooker-Feldman* doctrine, failure to establish membership in a protected class, prosecutorial immunity of Stein, McCormick and Foulk, and state law immunity under the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541.

2

Case 1:06-cv-00272-MBC   Document 45   Filed 09/24/07   Page 3 of 8

Finally, Defendant Judge DiSantis has filed a motion to dismiss the Complaint (Doc. 40) based on judicial immunity.

Mr. Bierley previously filed a civil action in this Court at Docket No. 05-49 Erie against Defendants Grolumund, Brandon, Christensen, Merski, and DiSantis setting forth civil rights and other claims based on the same factual basis as set forth in the instant Complaint. Defendants have detailed the pertinent procedural history of the prior case as follows: Upon Defendants' motions to dismiss the action was dismissed, Mr. Bierley's motion for reconsideration of the dismissal was denied, his appeals to the United States Court of Appeals for the Third Circuit were denied, and his writ of certiorari to the United States Supreme Court was dismissed. Thus, the Defendants argue that principles of res judicata, collateral estoppel, claim and issue preclusion bar Mr. Bierley from bringing the instant action. We agree.

That the facts in this case are the same as the facts in the prior case are shown by a recitation of the facts of the case filed at Civil No. 05-49 Erie as set forth by the Third Circuit Court:

> In November 2004, Bierley was sentenced by Judge DiSantis in the Court of Common Pleas of Erie County to a term of two to eleven months' imprisonment. As a condition of Bierley's parole, Judge DiSantis restricted his access to the Erie County Courthouse. Specifically, Bierley was required to give prior notice to his parole officer if he wished to conduct official business on his own behalf or testify as a witness during his parole period. However, if Bierley wanted access to the Courthouse for any other reason, Judge DiSantis' prior approval was necessary. On February 3, 2005, Bierley entered the Courthouse to 'conduct[] business on a civil matter.' However, because Bierley had neither given prior notice to his parole officer nor received permission from Judge DiSantis to enter the Courthouse, Bierley was ordered to leave the premises.
> The Following day, Bierley instituted the underlying civil rights action in the United States District Court for the Western District fo Pennsylvania. In his complaint and subsequent amended complaint, Bierley alleged violations of his rights to due process, equal protection, and access to the courts resulting from the

3

> 2004 state criminal proceedings and his removal from the Courthouse on February 3, 2005. Bierley sought compensatory damages, and declaratory and injunctive relief.
>
> . . .
>
> \
>
> . . . On November 29, 2004, Judge DiSantis drafted a memorandum to defendant Sheriff Merski, explaining that Bierley's access to the Courthouse was restricted during the period of his parole. Bierley alleges that the defendant violated his due process rights by failing to serve him with a copy of Judge DiSantis' memorandum as required by Pennsylvania Rule of Criminal procedure 114, and by removing him from the Courthouse without giving him prior notice of the conditions of his parole. . . . .

(*Bierley v. Grolumund*, 174 Fed.Appx. 673, 674-674, 676, No. 05-3696, at 2, 5 (3d Cir. March 16, 2006), attached as Ex. 12 to Doc. 37.)

The above factual summary of the prior case is the same factual summary of the instant case. In addition, Mr. Bierley is making the same claims of constitutional violations against him based on the same evidence. The only difference in the instant action is that Mr. Bierley has added additional allegations and additional defendants. Since there has been a final judgment on the merits in a prior suit, involving the same parties or their privies, and the instant suit is based upon the same causes of action, we find that Mr. Bierley claims in the instant action are precluded. *United States v. Anthlone, Industries, Inc.*, 746 F.2d 977, 983 n. 4) 93d Cir. 1984).

To the extent that Mr. Bierley's Complaint can be read to assert a cause of action different than the claims litigated in his prior suit, Mr. Bierley is collaterally estopped from pursuing such claims. Here, Mr. Bierley seeks to re-litigate issues regarding whether the Defendants violated his rights concerning the same factual conduct as alleged in the prior suit. These issues were raised by Mr. Bierley in the prior suit, fully litigated in the District Court and on appeal and were found to have lacked legal merit. We therefore find that Mr. Bierley is

4

collaterally estopped from relitigating those claims in the instant action. *See National Railroad Passenger Corp. v. Pennsylvania Public Utilities Commission*, 288 F.3d 519 (3d Cir. 2002), and *Wolstein v. Docteroff*, 133 F.3d 210 (3d Cir 1997).

In addition, Mr. Bierley's allegations concern adverse rulings against him in state court proceedings occurring in the state court system. He now seeks to either relitigate those claims or to collaterally attack the decisions made in the state court proceedings. As such, we find that his claims are barred by the legal principles enunciated in *District Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

"The *Rooker-Feldman* doctrine is based on the statutory foundation of 28 U.S.C. § 1257 and the well-settled understanding that the Supreme Court of the United States, and not the lower federal courts, has jurisdiction to review a state court decision." *Parkview Associates Partnership v. City of Lebanon*, 225 F.3d 321, 324 (3d Cir. 2000); *see also Whiteford v. Reed*, 155 F.3d 671, 673 (3d Cir. 1998), *Gulla v. North Strabane Township*, 146 F.3d 168, 170 (3d Cir. 1998). The Third Circuit describes the *Rooker-Feldman* doctrine "as precluding lower federal court jurisdiction over claims that were actually litigated or 'inextricably intertwined' with adjudication by a state's courts." *Parkview Associates*, 225 F.3d at 325. "Importantly, the doctrine applies not only to claims which were actually brought before the state court, but also to claims which could have been raised in that forum." *Altemose v. Charlestown Township*, 1999 WL 179759, *2 (E.D.Pa. March 23, 1999), *affirmed*, 205 F.3d 1328 (3d Cir. 1999) (citing *Feldman*, 460 U.S. at 483 n. 16). "'If the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to

5

hear the suit.'" *Gulla*, 146 F.3d at 171 (quoting *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996)).

Thus, when a "litigant failed to bring a constitutional claim in state court and then attempts to bring the constitutional claim in federal court, 'it is appropriate to presume that the state court would have been willing to decide his constitutional claims subject to rebuttal by clear evidence to the contrary.'" *Altemose*, 1999 WL 179759, *2 (quoting *Guarino v. Larsen*, 11 F.3d 1151, 1161 (3d Cir. 1993). "In sum, a disappointed plaintiff, through artful pleading in federal court, may not attempt to reverse a decision of the Pennsylvania appellate courts." *Altemose*, 1999 WL 179759, *2 (citing *Stern v. Nix,* 840 F.2d 208, 212 (3d Cir. 1988); *Gulla*, 146 F.3d at 171; and *FOCUS*, 75 F.3d at 840). "*Rooker-Feldman* applies only when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." *FOCUS*, 75 F.2d at 840 (citing <u>Marks v. Stinson,</u> 19 F.3d 873, 886 n.11 (3d Cir. 1994)).

The allegations set forth in Mr. Bierley's Complaint involve the action of the Defendants concerning his prosecution, incarceration, sentence, and supervision related to his criminal case at Docket No. 1133 of 2003 in Erie County, and the related actions of Defendants regarding Mr. Bierley's removal from the Erie County Courthouse based on a condition of his parole imposed on the same criminal case. This Court cannot review those allegations without considering the circumstances of the state court proceedings and the decisions made by the Defendants. This is an inquiry which is barred by *Rooker-Feldman*. The constitutional issues raised by Mr. Bierley are inextricably intertwined with the state court proceedings, and Mr. Bierley had the opportunity to press his constitutional claims in the state proceedings. The attempt to assert a claim in federal

6

court that is inextricably intertwined with the state proceedings is a request that an inferior federal court to "effectively reverse the state decision or void its ruling," and thus the federal action is precluded by the *Rooker-Feldman* doctrine. *FOCUS*, 75. F.3d at 840. We therefore lack jurisdiction over these claims, even if they were not raised in the state proceedings. *Parkview Associates*, 225 F.3d at 328.

We also agree with the Defendants that Mr. Bierley has failed to allege that he is a member of a protected class and that he received different treatment than that received by other similarly situated individuals. He has thus failed to state claims of denial of equal protection, or conspiracy to violate his civil rights.

We also have no trouble finding that the police officer Defendants and the Warden are entitled to qualified immunity. The officers reasonably believed that Mr. Bierley was in violation of the conditions of his parole when he appeared at the Erie County Courthouse. The officers held an objectively reasonable belief that in enforcing Judge DiSantis' orders regarding Mr. Bierley's conditions of parole they were acting lawfully and thus they are entitled to qualified immunity. Likewise, the Warden is entitled to qualified immunity in that he held an objectively reasonable belief that Mr. Bierley was committed to the prison pursuant to a lawfully imposed sentence.

In addition, the District Attorney Defendants, Foulk, Stein, and McCormick are immune from suit for their prosecutorial activity, and Judge DiSantis is entitled to judicial immunity fo his conduct.

Finally, all Defendants are immune from the common law claims asserted in the Complaint under the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541.

7

The following Order is hereby entered.

AND NOW, to-wit, this 24th day of September, 2007, for the reasons set forth above, it is hereby ORDERED, ADJUDGED, and DECREED that Defendants' Motions to Dismiss (**Docs. 21, 37, & 40**) be and hereby are GRANTED.

The Complaint is hereby dismissed with prejudice and the Clerk is directed to mark this action closed.

Maurice B. Cohill, Jr.
United States District Court Judge

cc:   counsel of record

     Harry L. Bierley, *pro se*
     3123 German ST
     Erie, PA 16504-1073